# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| ROBERT J. MAURER and ) | Case No. 04-21629-TLM |
| MENDY S. MAURER, ) | |
| ) | |
| Debtors. ) | MEMORANDUM OF DECISION |
| ) | |
| _____ ) | |

**INTRODUCTION**

The Office of the United States Trustee ("UST") filed a motion under § 329(b) and Fed. R. Bankr. P. 2017(a) to review the conduct of attorney Robert Van Idor ("Counsel") and the reasonableness of the compensation Counsel charged debtors Robert and Mendy Maurer ("Debtors") for his services. *See* Doc. No. 24 ("Motion"). The matter was heard on April 4, 2005 and taken under advisement. This Decision constitutes the Court's factual findings and legal conclusions. Fed. R. Bankr. P. 9014, 7052.

**FACTS**

The facts in this matter for the most part come directly from the pleadings of record in the Court's file. At the April 4 hearing, the Court granted the UST's

MEMORANDUM OF DECISION - 1

request for judicial notice of the record, a request not opposed by Counsel. *See*
Fed. R. Evid. 201, 801. Additional facts were established, or at least illuminated, by the comments of Mrs. Maurer, who addressed the Court at hearing, by the affidavit of counsel filed immediately before hearing and reviewed afterward, and by Counsel's statements to the Court at hearing.

Debtors filed a voluntary chapter 13 petition for relief on October 30, 2004 with the assistance of Counsel. The petition was filed along with the appropriate filing fee, but was unaccompanied by a mailing matrix listing creditors and their addresses, any schedules, the statement of financial affairs, a Rule 2016(b) disclosure of compensation, or any of the other papers generally associated with a bankruptcy filing. Those other papers and documents were due no later than November 14, 2004. Fed. R. Bankr. P. 1007(c). If they could not be filed by that date, it was incumbent upon Counsel to request, before that date, an extension of time. *Id.*; *see also* LBR 1007.2. A requested extension of time, if it was supported by adequate cause and complied with the requirements of Fed. R. Bankr. P. 1007 and LBR 1007.2, could not run past the date scheduled for the § 341(a) meeting of creditors. *See* LBR 1007.2.

Because the petition was filed without the required mailing matrix, no § 341(a) meeting could be set or noticed to creditors. The Clerk noted that defect. *See* Doc. Nos. 1, 5. The missing mailing matrix was supplied on November 16,

MEMORANDUM OF DECISION - 2

allowing the scheduling and notice of a § 341(a) meeting for December 30, 2004. November 14, however, came and went without the filing of the required documents and without any request for an extension of time. The first meeting of December 30 was continued to February 7, 2005. *See* Doc. No. 8.[1]

Finally, on December 27, Counsel made an untimely request for an extension of time. *See* Doc. No. 10. Schedules were then filed on January 2. *See* Doc. No. 11. The signature and verification page for the schedules, the summary of schedules, the statement of financial affairs, the 2016(b) disclosure, and the chapter 13 plan were all missing. However, Counsel that same day asked for an extension to file the statement of financial affairs and the plan. Doc. No. 12. That request was granted, and Debtors were given until January 13 to do so. *See* Doc. No. 14.

Debtors did not comply with this Order. No statement of affairs was filed. And it was only on February 5 that a proposed chapter 13 plan was filed. Doc. No. 17. Two days later, the § 341(a) meeting took place. While Debtors appeared, another lawyer substituted and appeared for Counsel. Doc. No. 18.

---

[1] The Court presumes that the Clerk issued this continuance notice at the behest of the Debtors' Trustee, who recognized the futility of holding a § 341(a) meeting in the absence of schedules and statements but, for some reason, wanted to continue the case rather than urge its dismissal. It was not established that the meeting was continued on any request of Debtors or Counsel made in compliance with the Local Rule. However, the details are not relevant to the disposition of the issues presented.

MEMORANDUM OF DECISION - 3

On March 11, the UST sought dismissal of the case based on Debtors' failure to complete all their required filings. Doc. No. 21. The motion was granted and the case dismissed. Doc. No. 22. That same day, Counsel filed another extension request, Doc. No. 27, which was ultimately denied because the case was already dismissed. Doc. No. 28.

By its motion, the UST seeks the Court's review of the reasonableness of the fees that were or may have been charged by Counsel. Doc. No. 24. The specific relief was admittedly difficult for the UST to identify because among the several missing documents were Counsel's Rule 2016(b) disclosure of the compensation he was paid, and the statement of affairs which at question 9 would also show pre-bankruptcy payments to him.

On March 21, Counsel filed a Rule 2016(b) disclosure indicating that he agreed to accept $750.00 for services in the case, had received nothing, and was still due the $750.00. Doc. No. 29. Counsel "certified" the completeness and accuracy of this statement regarding the agreement with his clients. *Id.*

This disclosure was exceedingly late. Rule 2016(b) requires the filing of the disclosure within 15 days of the filing of the case. While extensions are possible, the need for an extension is difficult to justify – the disclosure is signed only by the debtors' attorney, and the information needed to complete it is all within the personal knowledge of the lawyer. There is little credible reason why

MEMORANDUM OF DECISION - 4

such a disclosure cannot be filed within the 15 days, if not filed with the petition itself.

Though already bad, the situation is actually worse. First, Counsel's comments at the April 4 hearing make clear that this Rule 2016(b) disclosure wasn't just late, it wasn't accurate. Counsel stated at hearing that the disclosure should have indicated the $750.00 agreed fee was paid in full prior to the filing of the bankruptcy. Counsel's "certification" on the disclosure thus has no value.[2] Additionally, a quick review of the chapter 13 plan filed in the case on February 5 indicates a proposal that Counsel be paid $1,000.00 through the plan. Doc. No. 17 at 3, ¶ 4.1.2. This matches *neither* the filed Rule 2016(b) disclosure or the situation as described by Counsel at hearing.

Further to the issue, it appears Counsel actually received *more* than the $750.00 from or on behalf of Debtors. In December, Debtors' mortgagee, Countrywide Homes Loans, Inc. ("Countrywide") moved for relief from the § 362(a) automatic stay. This motion was resolved by stipulation. *See* Doc. Nos. 15, 16. Mrs. Maurer explained at hearing that, for some indeterminate reason, Debtors' payments to Countrywide were returned to Counsel, and he was holding those funds. The exact amount and the disposition of the funds was not clearly

---

[2] Recall, this disclosure was filed *after* the UST's motion was filed and issues over Counsel's conduct were raised. That such a substantial error was made under those circumstances is astounding.

MEMORANDUM OF DECISION - 5

explained by Counsel. Counsel admits the receipt of moneys in excess of the $750.00, and says that he "retained" certain of these funds for his fees. It was exceedingly apparent that there was wholly inadequate communication between Counsel and Debtors on this issue, and that there was no agreement or understanding as to the amount Counsel would be paid or how.

**DISCUSSION**

This Court has previously explained that chapter 13 debtors' attorneys are limited to "reasonable" compensation for their services. *In re Dunnagan*, 02.1 I.B.C.R. 47, 47-48 (Bankr. D. Idaho 2002) (citing, *inter alia*, § 329(b), § 330(a)(1), § 330(a)(3), § 330(a)(4)(B)).[3] The Court has the ability to review the services that were (or were not) rendered, and the compensation paid or agreed to be paid therefore. If the Court determines that the compensation is excessive, it may reduce or deny the same and order any excess returned. *Id.* at 48 (citing § 329(b), Fed. R. Bankr. P. 2017(a), and *In re Jastrem*, 253 F.3d 438 (9th Cir. 2001)). This, the Court notes, is "Bankruptcy Law 101." *Id.*

Counsel's affidavit, filed just before the April 4 hearing, concedes that the filing defects in the case leading to its dismissal were his fault, not his clients' fault. *See* Doc. No. 33 at 1. His comments at hearing were consistent.

---

[3] This is by no means the only case, either in this District or Circuit, on point. (Extensive citation is unnecessary.) As the powers and responsibilities of the Court in reviewing fees under § 329 and § 330, and the factors and authorities informing the exercise of the Court's discretion, are not disputed. Extensive citation is unnecessary.

MEMORANDUM OF DECISION - 6

The errors, however, were not limited to the missing statement of financial affairs that eventually provided the basis for the dismissal. The case is replete with Counsel's errors and neglect, from its initiation. Even after the UST raised the issue of competent and reasonable representation of Debtors, Counsel filed a materially inaccurate Rule 2016(b) disclosure. Counsel's conduct in this case has not been reasonable or appropriate.[4] That one of the errors led to dismissal of the case was simply a crowning blow.

Upon the entirety of the record in this case, the Court determines that *no* compensation whatsoever is warranted. To the extent Counsel provided some tangible value to Debtors from his services, that value was more than offset by the injuries resulting from the balance of his conduct. No credible excuse has been offered for Counsel's neglect of the case and failure to attend even the most fundamental filing requirements and rules. No compensation will be allowed. *Accord Dunnagan*, 02.1 I.B.C.R. at 50.

---

[4] Counsel's argument at hearing, and to a degree in his affidavit, Doc. No. 33 at 2, operate on the assumption that all the problems can be traced to the use of "short filings" (*i.e.*, petitions only), and that he will in the future only file cases where all schedules and other pleadings accompany the petition. To be sure, Counsel's approach to compliance with Fed. R. Bankr. P. 1007 and LBR 1007.2 has been regularly and consistently inadequate. But the record here indicates that the problems run deeper and may not be so simply solved. In any event, the issue before the Court today is what should now be done in *Debtors'* case.

MEMORANDUM OF DECISION - 7

This conclusion requires that Counsel return to Debtors all the funds he received and/or held as compensation. Based on Counsel's oral "clarification" of the filed Rule 2016(b) disclosure, it appears that this amount is $750.00.

In addition, Counsel will be required to deliver to Debtors any and all other funds he otherwise received on their account. Mrs. Maurer's comments, and to some degree Counsel's, indicate that some amount of money in excess of $750.00 was received by Counsel from Countrywide. All these funds must be returned to Debtors.

The Court will require that the return of funds to Debtors occur within 10 days of the date of this Decision and related Order, and that proof of compliance be provided by Counsel to the UST. Furthermore, Counsel shall prepare a full and complete accounting of all funds received from, for, or on behalf of Debtors at any time, and the accounting shall accompany the returned funds, with copies provided the UST.

In addition to the foregoing, the Court concludes that certain other relief is warranted. Recall that Debtors' case was dismissed. Both Counsel and Mrs. Maurer indicate to the Court that they would like to have the dismissal set aside and the case reopened.[5] In addition, Mrs. Maurer's comments to the Court made

---

[5] Counsel indicated that he had not yet filed pleadings seeking this relief because he believed he should delay that request until he was in a position to prove that Debtors could propose a confirmable plan. Just when he anticipated making this motion was decidedly unclear.
(continued...)

MEMORANDUM OF DECISION - 8

absolutely clear that Debtors have no interest at all in allowing Counsel to continue to represent them in any reopened case.[6]

The Court concludes that the basis of the dismissal – the missing documents – was the fault of Counsel, and that Debtors were not made fully aware of the filing problems or possible consequences. Cause exists to reopen and reinstate the case. *See* § 350(b); *see also* § 105(a). The dismissal will be set aside, and the case will be reopened. By virtue thereof, the stay of § 362(a) will again arise.

Further, while there is no pending request for withdrawal or substitution of Debtors' attorney, the Court will not require that Debtors proceed in this case with Counsel as their lawyer, against their wishes. Counsel will be relieved of further responsibility for representing Debtors. He will provide to them (within the same 10 day period during which he must return all funds and make his accounting), all files and documents regarding their case. Consistent with LBR 9010.1(f)(3), no further proceedings that will adversely affect Debtors will occur in this case for twenty (20) days from the date of the Court's order reopening and

---

[5](...continued)
Mrs. Maurer advised the Court at hearing that Countrywide, following dismissal of the case, had rescheduled foreclosure of its deed of trust for a late April trustee's sale. It appears virtually inescapable that Counsel's request would not be filed, served and heard in time to save Debtors' residence from foreclosure.

[6] In addition to the problems already identified in this Decision, Mrs. Maurer spoke of Counsel's failure to return their calls or communicate with them, and also his failure to explain the chapter 13 bankruptcy process to them, something they got only from the Trustee.

MEMORANDUM OF DECISION - 9

reinstating the case. This will provide Debtors the opportunity to identify and retain an attorney to assist them. They should take action to find new counsel promptly. The return of their funds should help and, of course, new counsel can seek additional compensation through the chapter 13 plan process.

**CONCLUSION**

Matters such as these are distressing for debtors, for the attorneys involved, and even for the Court. But the need for judicial supervision and, on occasion, remedial action is clear.

Whether Counsel's promises, about changing his practices and rectifying errors of the sort manifested here, will be honored remains to be seen. But the focus in the Maurers' case is not on what Counsel's future conduct will be but, instead, on what it has been.

In this case, that conduct was so deficient as to require a conclusion that any compensation is excessive and unreasonable. All Counsel's compensation is therefore disallowed, and all funds paid to or otherwise held by Counsel must be returned to Debtors. This, and the other relief noted above, will be reflected in the Court's order.

DATED:  April 7, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 11

CERTIFICATE RE: SERVICE

A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

Robert J. Maurer
Mendy S. Maurer
3729 19th Street
Lewiston, ID 83501

Lance E. Olsen
ROUTH, CRABTREE, OLSEN, PS
P.O. Box 4143
Bellevue, WA   98009-4143


Case No.  04-21629-TLM (Robert J. Maurer and Mendy S. Maurer)

Dated: April 7, 2005

 /s/Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers